UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAM OSMOND, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:17-cv-00329-WWE |
| | : | |
| DEPARTMENT OF ECONOMIC and | : | |
| COMMUNITY DEVELOPMENT, | : | |
| DEPARTMENT OF ADMINISTRATIVE | : | |
| SERVICES, DEPARTMENT OF HOUSING, | : | |
| MARTIN ANDERSON, CATHERINE SMITH, | : | |
| EVONNE KLEIN, JOYCE HERIOT, | : | |
| IRENA BAJ-WRIGHT, GARY ROBERGE, | : | |
| LINDA YELMINI, SUSAN SHELLARD, | : | |
| And GREGORY MESSNER, | : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

In this action, plaintiff alleges statutory violations of Title VII (Count I), Section 1981 (Count II), Section 1983 (Counts III, IV), and Sections 1985 and 1986 (Count VI) against various state agencies for whom he was employed and against individual defendants in supervisory roles at those agencies. Plaintiff also alleges negligent infliction of emotional distress (Count V). All of plaintiff's claims stem from allegations that he was subjected to discrimination on the basis of his race, color, and national origin.

Defendants have moved to dismiss plaintiff's claim in its entirety. For the following reasons, defendants' motion will be granted.

### BACKGROUND

Plaintiff is an African American who was born in Somalia. He has a Bachelor of Science in business administration. Between July 2000 and the filing of the instant complaint, plaintiff was employed by the Department of Children and Families ("DCF"), the Department of Social

1

Services ("DSS"), the Department of Economic and Community Development ("DECD"), and the Department of Housing ("DOH"). Plaintiff asserts that over that time he applied for at least 20 various job positions for which he was the most qualified candidate. Nevertheless, defendants hired less qualified "non-basis individuals."

Plaintiff also alleges that defendants conspired to misuse state issued credit cards and to overcharge the state on small business loans. On June 6, 2016, plaintiff filed the first of multiple whistleblower complaints against DECD based on these allegations.

Plaintiff suffered from a gambling addiction. He printed lottery tickets for himself, apparently without purchasing them, from a store that he owned. As a result of the delinquency, the State Lottery Commission caused plaintiff to be criminally prosecuted in 2008. He was charged with Second Degree Larceny and subsequently pleaded guilty to a misdemeanor larceny charge. A letter detailing the conviction was placed in his personnel file. Plaintiff asserts that this letter negatively impacted his applications with respect to the 20 positions for which he applied and was interviewed. Plaintiff alleges that subsequent to his conviction, he was subjected to increased scrutiny, such as background checks and monitoring.

Plaintiff's complaint is a vast, rambling, repetitive mishmash of conclusory legal terminology.[1] At base, it asserts that defendants disseminated among themselves plaintiff's personal information, including social security number, immigration status, arrest records, and

---

[1] The First Amended Complaint spans 77 pages containing well over 400 paragraphs. Paragraph 407 is representative of dozens of seemingly cut and repeatedly pasted language. It provides: "That the individual Defendants all contributed to the ongoing and continuously retaliatory, discriminatory, harassing, and hostile work environment, and that the acts were willful, wanton, malicious, intentional, negligently [sic], with malice or deliberate indifference, and/or in reckless disregard of the Plaintiff's constitutional rights secured by the First, and Fourteenth Amendment by depriving him of his free speech and his right to complain and file grievances, his employment, pay, benefits, retirement credits, and professional reputation without Due Process, and equal protection of law." The conclusory nature of the allegations is self-evident. Various versions of this and other strikingly similar paragraphs are repeated dozens of times.

health records. Plaintiff further alleges that defendants used the information, primarily the criminal conviction, as a basis to deny plaintiff employment opportunities.

Specifically, plaintiff alleges that he was subject "to disparate treatment with respect to the terms and conditions of employment, including obtaining, sharing, providing, passing on, personal and confidential information about [him] to other defendants, in order to negatively impact [his] employment and promotional opportunities."

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under Title VII, a plaintiff may establish a prima facie case of discrimination by showing (1) membership in a protected class, (2) qualification for the position, (3) adverse employment action, and (4) minimal evidence suggesting an inference that the employer acted with discriminatory motivation. Littlejohn v. City of New York, 795 F.3d 297, 307-11 (2d Cir. 2015).

There is no dispute that plaintiff is a member of a protected class, that he was qualified for the positions at issue, and that a decision not to hire is an adverse employment action.

3

The fundamental problem with plaintiff's complaint is its lack of any description of a causal connection to his race, color, or national origin that would create an inference of discrimination. Plaintiff does explicitly plead, many times, that he was subjected to "various acts of discrimination on the basis of [his] race, color, [and] national origin," but that is the complete extent of his effort to demonstrate any inference of discrimination. It is an example of legal conclusions that present only a "sheer possibility that a defendant acted unlawfully." Iqbal, 556 U.S. at 678.

At the initial pleading stage, the complaint must have "at least minimal support for the proposition the employer was motivated by discriminatory intent." Littlejohn, 795 F.3d at 311. Here, plaintiff himself alleges that defendants were motivated in large part by his criminal conviction, which is unrelated to his protected class. Plaintiff has failed to allege that any similarly situated employees outside of his protected class received preferential treatment, so there is no indication that his criminal conviction was *not* the actual reason for defendants' decision not to hire him into alternative positions. See Kpaka v. City University of New York, 708 Fed. Appx. 703, 704-05 (2d Cir. 2017) (summary order). And as discussed above, plaintiff has failed to allege any other facts or evidence that would establish an inference of discrimination. Accordingly, his claims pursuant to Title VII will be dismissed.

In addition to his Title VII claims (Count I), plaintiff has asserted claims pursuant to Section 1981 (Count II), Section 1983 (Counts III, IV), and Sections 1985 and 1986 (Count VI). Section 1983 provides the cause of action for enforcement of rights protected by Section 1981. See Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). Plaintiff's claims of discrimination pursuant to Section 1983 will be dismissed, as Section 1983 claims are analyzed under the same framework as Title VII claims. See Howard v. City of New York, 602 Fed.

Appx. 545, 546 (2d Cir. 2015). Here again, plaintiff has failed to establish a plausible inference of discrimination.

"To state a claim under § 1985, a plaintiff must allege: (1) a conspiracy, (2) an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person, including injury to property, person, or constitutional right." Bhatia v. Yale School of Medicine, 347 Fed. Appx. 663, 665 (2d Cir. 2009). "To state a claim under § 1986, a plaintiff must allege an underlying § 1985 conspiracy and [that] (1) defendant had knowledge of the conspiracy and its object, (2) defendant had power to prevent or aid in preventing the commission of the conspiratorial acts, and (3) defendant neglected or refused to exercise such power." Urbina v. City of New York, 2016 WL 79991, at *4 (S.D.N.Y. Jan. 6, 2016). Plaintiff has failed to plausibly allege any constitutional violation or any intent by defendants to deprive him of equal protection of the law. Accordingly, his Section 1985 and 1986 claims will be dismissed.

Finally, none of the allegations in plaintiff's First Amended Complaint describe conduct that goes beyond all bounds of decency as to be utterly intolerable in a civilized society. Appleton v. Board of Educ. Of Town of Stonington, 254 Conn. 205, 210 (2000). Accordingly, his intentional infliction of emotional distress claim (Count V) will be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [ECF. No. 25] is GRANTED. Plaintiff shall have 14 days to move to amend his complaint, but should only do so if he can in good faith make a plausible complaint alleging race-, color-, or nationality-based claims of discrimination. Defendants need not resubmit their motion to dismiss; the court will analyze defendants' alternative grounds for dismissal if necessary. If no motion to amend is filed, the Clerk will be instructed to close this case.

Dated this 29th day of March, 2018, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE