UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAM OSMOND,  :  <br>     Plaintiff,   : <br>                              : <br> v.                              :     3:17-cv-00329-WWE | |

ADAM OSMOND,
    Plaintiff,

v.                                                  3:17-cv-00329-WWE

DEPARTMENT OF ECONOMIC AND
COMMUNITY DEVELOPMENT,
DEPARTMENT OF ADMINISTRATIVE
SERVICES, DEPARTMENT OF HOUSING,
MARTIN ANDERSON, CATHERINE SMITH,
EVONNE KLEIN, JOYCE HERIOT,
IRENA BAJ-WRIGHT, GARY ROBERGE,
LINDA YELMINI, SUSAN SHELLARD,
and GREGORY MESSNER,
    Defendants.

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND**

Plaintiff has moved to amend his previously dismissed complaint. The proposed amended complaint alleges conspiracy and statutory violations of Title VII (Count I), Sections 1981 and 1983 (Count II), and Sections 1985 and 1986 (Count III) against various state agencies and individual defendants in supervisory roles at those agencies. Plaintiff also alleges negligent infliction of emotional distress (Count IV). All of plaintiff's claims stem from allegations that he was subjected to discrimination based on his race, color, and national origin. For the following reasons, plaintiff's motion to amend will be denied as futile.

This court previously granted defendants' motion to dismiss all of plaintiff's claims for failure to state a claim. Nevertheless, the court permitted plaintiff to move to amend his complaint if he could allege in good faith plausible race, color, or nationality-based claims of discrimination. In other words, the court requested argument from

1

plaintiff demonstrating that amendment of his complaint would not be futile. Plaintiff, without discussion, proffers that his proposed amended complaint will cure the previously cited deficiencies, but the court finds that plaintiff has again failed to draw a causal connection to his race, color, or national origin that could create a plausible inference of discrimination.

Plaintiff is an African American who was born in Somalia. He has a Bachelor of Science in business administration. Between July 2000 and the filing of the instant complaint, plaintiff was employed by the Department of Children and Families ("DCF"), the Department of Social Services ("DSS"), the Department of Economic and Community Development ("DECD"), and the Department of Housing ("DOH"). Plaintiff asserts that over that time he applied for at least twenty various job positions for which he was the most qualified candidate, yet he contends that defendants hired less qualified "non-basis individuals."

Plaintiff suffered from a gambling addiction. He printed lottery tickets for himself, apparently without purchasing them, from a store that he owned. Because of the delinquency, the State Lottery Commission caused plaintiff to be criminally prosecuted in 2008. He was charged with Second Degree Larceny and subsequently pleaded guilty to a misdemeanor larceny charge. A letter detailing the conviction was placed in his personnel file. Plaintiff asserts that this letter negatively impacted his applications with respect to the twenty alternative positions for which he applied and interviewed. Plaintiff alleges that after his conviction he was subjected to increased scrutiny, such as background checks and monitoring.

Plaintiff maintains that defendants have subjected him to various acts of discrimination on the basis of race, color, and national origin. Nevertheless, the

proposed amended complaint once again fails to allege any facts that give rise to an inference of discrimination; or to allege that similarly situated employees outside plaintiff's protected class were treated more favorably. Indeed, the proposed complaint does not mention any comparators with similar criminal convictions. Instead, plaintiff's complaint consists mostly of labels, conclusions, and formulaic recitations of the elements of his various causes of action. See E.E.O.C. v. Port Authority of New York and New Jersey, 768 F.3d 247, 253 (2d Cir. 2014) ("*Twombly* and *Iqbal* require that a complaint *support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face."). To make matters worse, plaintiff's list of legal conclusions extends seventy-one pages. It is not a short and plain statement.

Although a discrimination complaint need not allege each element of a prima facie case, it must assert facts sufficient to render its claims plausible. Id. at 254. Here, after setting aside the repeated conclusory statements that are no more than recitals of the elements of a cause of action or "labels and conclusions," the allegations of the proposed amended complaint fail to create a plausible inference of liability.[1] See Ashcroft v. Iqbal, 556 U.S. 662, 677-681 (2009).

Plaintiff's allegations are compatible with and can be explained by increased scrutiny associated with his criminal conviction rather than by invidious discrimination,

---

[1] See, for example, paragraph 391 of plaintiff's proposed amended complaint: "That the individual Defendants all contributed to the ongoing and continuously retaliatory, discriminatory, harassing, and contributed to the ongoing and continuously discriminatory, harassing, retaliatory and hostile work environment and each intentionally, negligently, with malice or deliberate indifference, violated Plaintiff's rights secured by 42 U.S.C. § 1981 and § 1983 to be free from discrimination on the basis of race, color, retaliation, harassment, and a hostile work environment, and the Plaintiff's ancestry, including but not limited to his employment relationship, by depriving him of increased pay, promotional opportunities, benefits, and retirement credits, while not subjecting non-basis employees to the same conduct."

3

as crimes of dishonesty are rarely accompanied by promotion to a more supervisory role.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 567 (2007) (finding complaint did not suggest an illicit accord because it was plausibly explained by lawful behavior).  The proposed amended complaint has not nudged plaintiff's claims across the line from conceivable to plausible.  See id. at 547.  Accordingly, plaintiff's motion to amend will be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is denied.  The Clerk is instructed to close this case.

Dated this 17th day of January, 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE