UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAM OSMOND, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:17-cv-00329-WWE |
| | : | |
| DEPARTMENT OF ECONOMIC AND | : | |
| COMMUNITY DEVELOPMENT, | : | |
| DEPARTMENT OF ADMINISTRATIVE | : | |
| SERVICES, DEPARTMENT OF HOUSING, | : | |
| MARTIN ANDERSON, CATHERINE SMITH, | : | |
| EVONNE KLEIN, JOYCE HERIOT, | : | |
| IRENA BAJ-WRIGHT, GARY ROBERGE, | : | |
| LINDA YELMINI, SUSAN SHELLARD, | : | |
| and GREGORY MESSNER, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff has moved for reconsideration of this Court's decision, which denied as futile his motion to amend [ECF No. 54]. The Court had previously granted defendants' motion to dismiss [ECF No. 44] after determining that plaintiff's allegations were an example of legal conclusions presenting only a sheer possibility that defendants acted unlawfully. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For the following reasons, plaintiff's motion for reconsideration will be denied.

After finding plaintiff's complaint worthy of dismissal, the Court allowed plaintiff 14 days to move to amend if he could allege plausible claims of race, color, or nationality-based discrimination. The Court granted plaintiff three extensions of time in which to move to amend, but plaintiff neglected to move to amend his complaint within the extended deadline. Nevertheless, the Court subsequently provided plaintiff with a further extension of time to move to amend his complaint.

1

> The Court then denied plaintiff's motion to amend, holding that:
>
> Plaintiff maintains that defendants have subjected him to various acts of discrimination on the basis of race, color, and national origin. Nevertheless, the proposed amended complaint once again fails to allege any facts that give rise to an inference of discrimination; or to allege that similarly situated employees outside plaintiff's protected class were treated more favorably. Indeed, the proposed complaint does not mention any comparators with similar criminal convictions. Instead, plaintiff's complaint consists mostly of labels, conclusions, and formulaic recitations of the elements of his various causes of action. See E.E.O.C. v. Port Authority of New York and New Jersey, 768 F.3d 247, 253 (2d Cir. 2014) ("*Twombly* and *Iqbal* require that a complaint *support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face."). To make matters worse, plaintiff's list of legal conclusions extends seventy-one pages. It is not a short and plain statement.
>
> Although a discrimination complaint need not allege each element of a prima facie case, it must assert facts sufficient to render its claims plausible. Id. at 254. Here, after setting aside the repeated conclusory statements that are no more than recitals of the elements of a cause of action or "labels and conclusions," the allegations of the proposed amended complaint fail to create a plausible inference of liability. See Ashcroft v. Iqbal, 556 U.S. 662, 677-681 (2009).
>
> Plaintiff's allegations are compatible with and can be explained by increased scrutiny associated with his criminal conviction rather than by invidious discrimination, as crimes of dishonesty are rarely accompanied by promotion to a more supervisory role. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 567 (2007) (finding complaint did not suggest an illicit accord because it was plausibly explained by lawful behavior). The proposed amended complaint has not nudged plaintiff's claims across the line from conceivable to plausible. See id. at 547. Accordingly, plaintiff's motion to amend will be denied.

[ECF No. 54, at 2-3].

After plaintiff's motion to amend was denied, judgment entered in defendants' favor, and the case was closed. Subsequently, plaintiff filed the instant motion for reconsideration.

At the outset, defendants submit that plaintiff's motion is untimely, as neither his motion for reconsideration nor his motion for extension of time was filed within the deadline. The instant motion could be denied on this basis alone.

Moreover, plaintiff merely argues that his allegations, which the Court already considered, lead conclusively to an inference of discrimination. Yet reconsideration is appropriate only where the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation omitted). A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant. Metropolitan Entertainment Co., Inc. v. Koplik, 25 F. Supp. 2d 367, 368 (D. Conn. 1998). Accordingly, even if plaintiff's motion for reconsideration had been timely, it would still be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED. The case shall remain closed.

Dated this 5th day of August, 2019, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE